UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HEALTHPRO HERITAGE, LLC, and REHAB SOLUTIONS (NORTH CAROLINA), LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MID-SOUTH HEALTH SERVICES, LLC d/b/a ASHTON PLACE REHABILITATION AND CARE; SHELBY HEALTH SERVICES, LLC d/b/a MIDSOUTH HEALTH AND REHABILITATION; HEALTHLINK OF VIRGINIA SHORES, LLC d/b/a BEACON SHORES NURSING AND REHABILITATION; HEALTH TRUST, LLC d/b/a MOUNTAIN HOME HEALTH AND REHAB; ARDMORE HEALTHCARE, LLC d/b/a ARDMORE HEALTH AND REHABILITATION CENTER; FAYETTEVILLE HEALTHCARE, LLC d/b/a FAYETTEVILLE HEALTH AND REHAB CENTER; WINCHESTER HEALTHCARE, LLC d/b/a WILLOWS OF WINCHESTER HEALTH AND REHABILITATION CENTER; AND HEALTH SERVICES MANAGEMENT GROUP, LLC,<br><br>    Defendants. | Case No. 1:19-cv-192<br><br>NON-JURY |

## COMPLAINT

COME NOW Plaintiffs, HealthPRO Heritage, LLC, and Rehab Solutions (North Carolina), LLC (collectively, "Heritage" or "Plaintiffs"), by and through counsel, and for their Complaint against the Defendants, Mid-South Health Services, LLC d/b/a Ashton Place Rehabilitation and Care; Shelby Health Services, LLC d/b/a Midsouth Health and Rehabilitation; Healthlink of Virginia Shores, LLC d/b/a Beacon Shores Nursing and Rehabilitation; Health Trust, LLC d/b/a Mountain Home Health and Rehab; Ardmore Healthcare, LLC d/b/a Ardmore

1

Health and Rehabilitation Center; Fayetteville Healthcare, LLC d/b/a Fayetteville Health and Rehab Center; Winchester Healthcare, LLC d/b/a Willows of Winchester Health and Rehabilitation Center; and Health Services Management Group, LLC (collectively, the "Defendants"), allege and state as follows:

## I. THE PARTIES

1. Plaintiff HealthPRO Heritage, LLC, is a limited liability company formed in South Carolina, with its principal office located at 307 International Circle Suite 100, Hunt Valley, Maryland 21030. The sole member of HealthPRO Heritage, LLC, is a resident and citizen of the State of Delaware.

2. Plaintiff Rehab Solutions (North Carolina), LLC, is a limited liability company formed in North Carolina, with its principal office located at 536 Old Howell Road, Greenville, South Carolina 29615. The sole member of Rehab Solutions (North Carolina), LLC, is a resident and citizen of the State of Delaware. Rehab Solutions (North Carolina), LLC, is successor in interest under the Services Agreements (as defined *infra*) and Settlement Agreements (as defined *infra*) to Rehab Solutions, Inc., a terminated Tennessee corporation.

3. Mid-South Health Services, LLC d/b/a Ashton Place Rehabilitation and Care, is a for-profit Tennessee limited liability company. Upon information and belief, the sole member of Mid-South Health Services, LLC d/b/a Ashton Place Rehabilitation and Care ("Ashton"), is a resident and citizen of the State of Tennessee.

4. Shelby Health Services, LLC d/b/a Midsouth Health and Rehabilitation, is a for-profit Tennessee limited liability company. Upon information and belief, the sole member of Shelby Health Services, LLC d/b/a Midsouth Health and Rehabilitation ("Midsouth") is a resident and citizen of the State of Tennessee.

5. Healthlink of Virginia Shores, LLC d/b/a Beacon Shores Nursing and Rehabilitation is a for-profit Tennessee limited liability company. Upon information and belief, the sole member of Healthlink of Virginia Shores, LLC d/b/a Beacon Shores Nursing and Rehabilitation ("Beacon Shore") is a resident and citizen of the State of Tennessee.

6. Health Trust, LLC d/b/a Mountain Home Health and Rehab is a for-profit Tennessee limited liability company. Upon information and belief, the sole member of Health Trust, LLC d/b/a Mountain Home Health and Rehab ("Mountain Home") is a resident and citizen of the State of Tennessee.

7. Ardmore Healthcare, LLC d/b/a Ardmore Health and Rehabilitation Center is a for-profit Tennessee limited liability company. Upon information and belief, the sole member Ardmore Healthcare, LLC d/b/a Ardmore Health and Rehabilitation Center ("Ardmore") is a resident and citizen of the State of Tennessee.

8. Fayetteville Healthcare, LLC d/b/a Fayetteville Health and Rehab Center is a for-profit Tennessee limited liability company. Upon information and belief, the sole member Fayetteville Healthcare, LLC d/b/a Fayetteville Health and Rehab Center ("Fayetteville") is a resident and citizen of the State of Tennessee.

9. Winchester Healthcare, LLC d/b/a Willows of Winchester Health and Rehabilitation Center is a for-profit Tennessee limited liability company. Upon information and belief, the sole member Winchester Healthcare, LLC d/b/a Willows of Winchester Health Rehabilitation Center ("Winchester") is a resident and citizen of the State of Tennessee.

10. Health Services Management Group, LLC is a for-profit Tennessee limited liability company. Upon information and belief, the sole member Health Services Management Group, LLC ("Guarantor", and together with Ashton, Midsouth, Beacon Shore, Mountain Home,

Ardmore, Fayetteville, and Winchester, the "Defendants") is a resident and citizen of the State of Tennessee.

11. The registered agent for each of the Defendants is C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

12. The principal place of business for each of the Defendants, 485 Central Avenue, Cleveland, Tennessee 37311-5541.

## II. JURISDICTION AND VENUE

13. This Court has personal jurisdiction over the Defendants because they reside and regularly transact business within the State of Tennessee.

14. This Court has subject matter jurisdiction to entertain this action under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiffs and Defendants (collectively, the "Parties"), and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

16. This matter is appropriate for a bench trial in that Defendants waived their right to a jury trial by virtue of the Settlement Agreements (as defined *infra*).

## III. FACTS

17. Plaintiffs and each of the Defendants entered into certain Outsourcing Therapy Services Agreements and Business Associate Agreements, along with amendments thereto

4

(collectively the "Services Agreements"),[1] pursuant to which Plaintiffs provided rehabilitation therapy services (the "Services") to the facilities owned and operated by Defendants (collectively, the "Facilities"). True and correct copies of the Services Agreements are attached hereto as **Exhibit A** and incorporated herein by this reference.

18. Defendants were obligated to compensate Plaintiffs for such Services provided under the Services Agreements.

19. Pursuant to that certain Settlement Agreement dated April 5, 2017 (the "Settlement Agreement"), the Defendants agreed that previously accrued indebtedness evidenced by the Services Agreements was in default, and that the default balance referenced in the Settlement Agreement (the "Note Balance") is fully enforceable and is not subject to any defense or counterclaim, or to any claim of setoff, recoupment, offset or deduction. A true executed copy of the Settlement Agreement is attached hereto as **Exhibit B** and incorporated herein by this reference.

20. Pursuant to the Settlement Agreement, Defendants were required to pay the Note Balance in monthly installment payments.

21. Guarantor guaranteed all obligations of the Defendants in the Settlement Agreement, including without limitation, past and future obligations arising from the Services Agreements.

---

[1] The Outsourcing Therapy Services Agreement and the Business Associate Agreement with Mountain Home shall be referred to as the "Mountain Home Services Agreement." The Outsourcing Therapy Services Agreement and the Business Associate Agreement with Ardmore shall be referred to as the "Ardmore Services Agreement." The Outsourcing Therapy Services Agreement and the Business Associate Agreement with Fayetteville shall be referred to as the "Fayetteville Services Agreement." The Outsourcing Therapy Services Agreement and the Business Associate Agreement with Winchester shall be referred to as the "Winchester Services Agreement." The Outsourcing Therapy Services Agreement and the Business Associate Agreement with Beacon Shores shall be referred to as the "Beacon Home Services Agreement."

22. Prior to April 19, 2018, Defendants defaulted on certain monthly payments required by the Settlement Agreement, among other defaults.

23. On April 19, 2018, Plaintiffs filed a Complaint and Motion for Temporary Restraining Order and Request for Temporary Injunction as to the Defendants, among other entities, who defaulted under the Settlement Agreement and styled *HealthPRO Heritage, LLC and Rehab Solutions (North Carolina), LLC v. Health Services, Manchester, LLC d/b/a Horizon health & Rehab Center, et al.*, Case No. 1:18-cv-68 (the "First Lawsuit").

24. On April 26, 2018, the Parties entered and the Court approved the entry of an Agreed Order (the "Agreed Order") whereby, among other things, the Parties agreed that Defendants were in default for certain indebtedness owed to Plaintiffs, and Defendants were required to pay a certain amount due from Defendants to Plaintiffs. A true copy of the Agreed Order is attached hereto as **Exhibit C** and incorporated herein by this reference.

25. On April 27, 2018, following the entry of the aforementioned Agreed Order, Plaintiffs submitted their Notice of Voluntary Dismissal with the Court as to the First Lawsuit.

26. Pursuant to the Settlement Agreement, the Agreed Order, and the Services Agreements, the Settlement Agreement remained in full force and effect following the dismissal of the First Lawsuit.

27. Plaintiffs have continued to provide current services to Defendants, Ardmore, Fayetteville, and Winchester, from January 1, 2019, through February 28, 2019, pursuant to the Services Agreements (the "Current Services for Group 1").

28. Plaintiffs have continued to provide current services to Defendants, Beacon Shore and Mountain Home, from January 1, 2019, through May 6, 2019, pursuant to the Services

6

DocID: 4815-3032-4890.5
Case 1:19-cv-00192-TRM-SKL   Document 1   Filed 07/02/19   Page 6 of 15   PageID #: 6

Agreements (the "Current Services for Group 2," and together with Current Services for Group 1, the "Current Services").

29. Pursuant to Section 3 of the Settlement Agreement, Defendants agreed to make timely payments to Plaintiffs for the Current Services invoices within sixty (60) days of the date of each invoice.

30. Defendants failed to make payments to Plaintiffs under the Services Agreements for Current Services, thus defaulting under the respective Services Agreements as well as defaulting under the Settlement Agreement.

31. Additional amounts for the Group 2 Current Services would have accrued under the respective Services Agreements on July 31, 2019 for May 1-May 8, 2019 services. All Group 2 Current Services, including the May 1, 2019-May 8, 2019 current services, have been accelerated and are currently due and owing.

32. Plaintiffs accelerated the Default Balance (as defined *infra*) pursuant to written Demand Letters dated March 5, 2019, and May 3, 2019.

33. Despite written notices from Plaintiffs, Defendants did not and have not cured the default on the Current Services, and the Default Balance remains outstanding.

34. Pursuant to the Settlement Agreement, upon Defendants' default and without further notice, Defendants agreed that Plaintiffs are entitled to complete and file the Consent Judgment attached to the Settlement Agreement (the "Consent Judgment") with a court of competent jurisdiction, and to take any other actions necessary to enforce their rights.

35. Under the Settlement Agreement, each Defendant is jointly and severally liable for the Default Balance (as defined *infra*).

36. As of June 14, 2019, the current Note Balance under Settlement Agreement totals $1,566,647.70.

37. Defendants have failed to make their required monthly payments under the Settlement Agreement on the Note Balance. As such, Defendants are in default under the Settlement Agreement due to their failure to make their required monthly payments to Plaintiffs under the Settlement Agreement.

38. The last monthly payment made by Defendants pursuant to the Note Balance was made on March 11, 2019.

39. As of June 14, 2019, under the Current Services Agreement, Defendant, Beacon Shore, has a default balance of $160,364.89.

40. As of June 14, 2019, under the Current Services Agreement, Defendant, Mountain Home Health, has a default balance of $139,843.40.

41. As of June 14, 2019, under the Current Services Agreement, Defendant, Ardmore, has a default balance of $77,858.80.

42. As of June 14, 2019, under the Current Services Agreement, Defendant, Fayetteville, has a default balance of $121,791.63.

43. As of June 14, 2019, under the Current Services Agreement, Defendant, Winchester, has a default balance of $168,305.41.

44. The combined default balance for Current Services totals $668,164.13 (the "Current Services Balance").

45. The total balance due to Plaintiffs under the Settlement Agreement and the Services Agreements, collectively, totals $2,234,811.83 (the "Default Balance").

46. Defendants are jointly and severally liable for the full amount of the Default Balance.

47. Pursuant to Section 7 the Settlement Agreement and paragraph 10 of the Services Agreements, Plaintiffs are entitled to seek and Defendants shall pay Plaintiffs' reasonable attorneys' and legal expenses.

## V. FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

48. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 47.

49. The Settlement Agreement is a valid and enforceable contract, and sets forth the rights of Plaintiffs with regard to the agreed damages, judgment and award against the Defendants.

50. In final resolution of any controversy between Plaintiffs and Defendants relating to the Settlement Agreement, Plaintiffs are entitled to a declaration of their rights against Defendants as follows:

(a) The Settlement Agreement is a valid contract, enforceable against Defendants in accordance with their respective terms;

(b) Defendants are liable to Plaintiffs for the amounts stated in the Consent Judgment as completed by Plaintiffs;

(c) Defendants have no claims, counterclaims, setoffs or defenses against Plaintiffs relating to the Settlement Agreement;

(d) Plaintiffs are entitled to a judgment for the amounts set forth in the Consent Judgment as completed by Plaintiffs, in their favor against Defendants, with such Consent Judgment to accrue interest after entry at the maximum rate allowed by law until paid in full; and

(e) Plaintiffs are entitled to judgment against Defendants for all of their attorneys' fees and costs associated with collecting the indebtedness, and enforcing the Settlement Agreement, all as to be

9

DocID: 4815-3032-4890.5
Case 1:19-cv-00192-TRM-SKL   Document 1   Filed 07/02/19   Page 9 of 15   PageID #: 9

shown by an affidavit of counsel for Plaintiffs to be filed with the Court.

WHEREFORE, Plaintiffs request that the Court enter an Order declaring that:

A. The Settlement Agreement is a valid contract, enforceable against the Defendants in accordance with their respective terms;

B. The Defendants are liable to Plaintiffs for the amounts set forth in the Consent Judgment as completed by Plaintiffs;

C. The Defendants have no claims, counterclaims, setoffs or defenses against Plaintiffs relating to the Settlement Agreement;

D. Plaintiffs are entitled to judgment and award of the amounts set forth in the Consent Judgment with interest to accrue after entry at the maximum rate allowed by law until paid in full;

E. Plaintiffs are entitled to judgment and award of all of their attorneys' fees and costs associated with collecting the Default Balance; and

F. Plaintiffs shall have and receive any other relief as may be granted by the Court.

## VI. SECOND CLAIM FOR RELIEF
### (Breach of Contract)

51. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 50.

52. Defendants have failed to make timely payments to Plaintiffs for Current Services provided to Defendants from January 1, 2019, through May 6, 2019, pursuant to Services Agreements as required under the Settlement Agreement.

53. Defendants have failed to make their required monthly payments under the Settlement Agreement on the Note Balance.

10

54. As such, Defendants are in default under the Settlement Agreement due to their failure to make their required payments to Plaintiffs under the Settlement Agreement.

55. Defendants are jointly and severally liable under the Settlement Agreement.

56. Because of Defendants' default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Settlement Agreement, enter a judgement in favor of Plaintiffs in the amount of the Default Balance against Defendants, award Plaintiffs their reasonable attorneys' fees and costs associated with exercising their rights under the Settlement Agreement, and award such further and other relief as the Court may deem just and proper.

## VII. THIRD CLAIM FOR RELIEF
**(Breach of Contract – as to Mountain Home)**

57. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 56.

58. Mountain Home has failed to make timely payments to Plaintiffs for Current Services provided to Defendants from April 1, 2019, through May 6, 2019, pursuant to the Mountain Home Services Agreement as required thereunder. Accordingly, Mountain Home has defaulted and is in material breach of the Mountain Home Services Agreement.

59. Because of Mountain Home's default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Mountain Home Services Agreement, enter a judgment in favor of Plaintiff in the amount of the default balance under the Mountain Home Services Agreement, award Plaintiffs their attorneys' fees and costs associated with exercising their rights under the Mountain Home Services Agreement, and award such further and other relief as the Court may deem just and proper.

11

## VIII.  FOURTH CLAIM FOR RELIEF
### (Breach of Contract – as to Fayetteville)

60. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 59.

61. Fayetteville has failed to make timely payments to Plaintiffs for Current Services provided to Defendants from April 1, 2019, through February 28, 2019, pursuant to the Fayetteville Services Agreement as required thereunder.  Accordingly, Fayetteville has defaulted and is in material breach of the Fayetteville Services Agreement.

62. Because of Fayetteville's default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Fayetteville Services Agreement, enter a judgment in favor of Plaintiff in the amount of the default balance under the Fayetteville Services Agreement, award Plaintiffs their attorneys' fees and costs associated with exercising their rights under the Fayetteville Services Agreement, and award such further and other relief as the Court may deem just and proper.

## IX.  FIFTH CLAIM FOR RELIEF
### (Breach of Contract – as to Ardmore)

63. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 62.

64. Ardmore has failed to make timely payments to Plaintiffs for Current Services provided to Defendants from April 1, 2019, through February 28, 2019, pursuant to the Ardmore Services Agreement as required thereunder.  Accordingly, Ardmore has defaulted and is in material breach of the Ardmore Services Agreement.

65. Because of Ardmore's default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Ardmore Services Agreement, enter a judgment in favor of Plaintiff in the amount of the default balance under the Ardmore Services Agreement, award Plaintiffs their attorneys' fees and costs associated with exercising their rights under the Ardmore Services Agreement, and award such further and other relief as the Court may deem just and proper.

### X.  SIXTH CLAIM FOR RELIEF
**(Breach of Contract – as to Winchester)**

66. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 65.

67. Winchester has failed to make timely payments to Plaintiffs for Current Services provided to Defendants from April 1, 2019, through February 28, 2019, pursuant to the Winchester Services Agreement as required thereunder. Accordingly, Winchester has defaulted and is in material breach of the Winchester Services Agreement.

68. Because of Winchester's default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Winchester Services Agreement, enter a judgment in favor of Plaintiff in the amount of the default balance under the Winchester Services Agreement, award Plaintiffs their attorneys' fees and costs associated with exercising their rights under the Winchester Services Agreement, and award such further and other relief as the Court may deem just and proper.

### XI.  SEVENTH CLAIM FOR RELIEF
**(Breach of Contract – as to Beacon Shores)**

69. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 68.

13

DocID: 4815-3032-4890.5
Case 1:19-cv-00192-TRM-SKL   Document 1   Filed 07/02/19   Page 13 of 15   PageID #: 13

70. Beacon Shores has failed to make timely payments to Plaintiffs for Current Services provided to Defendants from April 1, 2019, through May 6, 2019, pursuant to the Beacon Shores Services Agreement as required thereunder. Accordingly, Beacon Shores has defaulted and is in material breach of the Beacon Shores Services Agreement.

71. Because of Beacon Shores' default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Beacon Shores Services Agreement, enter a judgment in favor of Plaintiff in the amount of the default balance under the Beacon Shores Services Agreement, award Plaintiffs their attorneys' fees and costs associated with exercising their rights under the Beacon Shores Services Agreement, and award such further and other relief as the Court may deem just and proper.

## XII. EIGHTH CLAIM FOR RELIEF
### (Breach of Contract)

72. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 71.

73. Defendants have failed to make timely payments to Plaintiffs on the Note Balance as required under the Settlement Agreement. Accordingly, Defendants have defaulted and are in material breach of the Settlement Agreement.

74. Because of Defendants' default, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request that the Court enforce the Settlement Agreement, enter a judgment in favor of Plaintiff in the amount of the Note Balance, award Plaintiffs their attorneys' fees and costs associated with exercising their rights under the Settlement Agreement, and award such further and other relief as the Court may deem just and proper.

This the 2nd day of July, 2019.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: <u>*/s/Michael K. Alston*</u>
Michael K. Alston (TN BPR #013697)
Caleb T. Holzaepfel (TN BPR #033356)
Ariel M. Anthony (TN BPR # 034125)
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
michael.alston@huschblackwell.com
caleb.holzaepfel@huschblackwell.com
ariel.anthony@huschblackwell.com

*Counsel for HealthPRO Heritage, LLC, and Rehab Solutions (North Carolina), LLC*